**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3080-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARL R. JOHNSON,

    Defendant-Appellant.

_____

> Submitted May 10, 2021 – Decided May 25, 2021
>
> Before Judges Fasciale and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 14-04-0336.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).
>
> Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen C. Sayer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a September 30, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends that his plea counsel rendered ineffective assistance of counsel. Judge Joseph M. Chiarello entered the order and issued an oral opinion.

On appeal, defendant raises the following arguments:

POINT I

THE PCR [JUDGE] ERRED IN FAILING TO REMAND [DEFENDANT'S] MATTER TO THE TRIAL COURT SO THAT NEW COUNSEL MAY BE APPOINTED AND HE COULD [RE-]ARGUE HIS MOTION TO WITHDRAW HIS [OPEN] GUILTY PLEA UNDER STATE V SLATER, 198 N.J. 145 (2009).

POINT II

THE PCR [JUDGE] ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM J.G. REGARDING HIS FAILURE TO LOCATE AND INTERVIEW POTENTIAL ALIBI WITNESSES.

We are unpersuaded by these arguments and affirm substantially for the reasons expressed by Judge Chiarello. We add these remarks.

When a PCR judge does not hold an evidentiary hearing—like here—this court's standard of review is de novo as to both the factual inferences drawn by

2

the PCR judge from the record and the judge's legal conclusions.  State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987).  To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  466 U.S. at 687.  A defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689.  Thus, this court must consider whether counsel's performance fell below an object standard of reasonableness.  Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.  A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  "[I]f counsel's performance has been so deficient as to create a reasonable probability that these

A-3080-19

deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58. Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland/Fritz test to challenges of guilty pleas based on ineffective assistance of counsel. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). Defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his attorney. Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694). Defendant did not satisfy either prong of Strickland.

The PCR judge did not err by entering the order without conducting a hearing. A defendant is only entitled to an evidentiary hearing when he "'has presented a prima facie [claim] in support of [PCR],'" meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)). A defendant must "do more than make bald assertions that he was denied the effective assistance of counsel" to establish a prima facie claim entitling him to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the

4

burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 462-63.

On the trial date, defendant pled guilty to first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1) and (2). The plea transcript reflects that defendant pled guilty of his own free will and was not coerced. The plea judge explained to defendant that his plea would be open, meaning that the sentencing judge would determine the appropriate sentence, rather than counsel negotiating a plea deal. The plea judge told defendant that the prison exposure on this first-degree offense was between ten and twenty years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. After an extensive colloquy at the hearing, the plea judge found defendant pled guilty knowingly, voluntarily, and intelligently, and accepted defendant's guilty plea.

On the sentencing date, plea counsel informed the judge that defendant filed a motion to withdraw his guilty plea and that defendant believed plea counsel pressured defendant to plead guilty. There is no evidence that counsel pressured defendant to plead guilty. Although he argues otherwise, the plea judge questioned defendant at the plea hearing and established defendant pled

guilty voluntarily, knowingly, and without any coercion. The judge then conducted a Slater analysis and denied defendant's motion. Among the detailed findings, the judge determined that defendant articulated no colorable claim of innocence, plea counsel appeared on the trial date prepared to select a jury and start the trial,[1] defendant faced a consecutive prison sentence exposure due to additional charges in the indictment, and the State would be prejudiced if the judge granted the motion. The judge balanced the four factors and found the interest of justice do not require withdrawing defendant's open guilty plea. The sentencing judge then imposed the minimum sentence of ten years in prison subject to NERA.

On this appeal, defendant's contention as to plea counsel seems more about failing to persuade the judge on his earlier motion to withdraw his guilty plea. That could have been raised in a direct appeal, which he never filed. As a result, defendant's contention is barred by Rule 3:22-4. But on the merits of the motion to withdraw his open guilty plea, and unlike Hayes,[2] the plea judge

---

[1] As the PCR judge found, defendant's assertions that plea counsel failed to investigate alibi witnesses was not meritorious and amounted to bald assertions. The PCR judge stated "[t]here are potential witnesses; we don't know what they would say."

[2] 205 N.J. 522 (2011).

did a <u>Slater</u> analysis, which would have been affirmed on appeal, had he filed one.

To the extent we have not addressed defendant's remaining arguments we conclude that they are without sufficient merit to warrant discussion in a written. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-3080-19